**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| C-MART, INC., a Missouri corporation, individually and as the representative of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, THE STORICK GROUP CORPORATION, THE STORICK GROUP CO., SCOTT R. STORICK and JOHN DOES 1-10,<br><br>Defendants. | ) | No. 13-cv-80561-DMM<br><br>Hon. Donald M. Middlebrooks<br>Mag. Judge Dave Lee Brannon |

**PLAINTIFF'S MOTION TO STRIKE METLIFE'S MOTION FOR DENIAL OF CLASS CERTIFICATION OR, IN THE ALTERNATIVE, TO STAY PLAINTFF'S RESPONSE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, C-Mart, Inc., moves to strike MetLife's Motion for Denial of Class Certification (Doc. 114) or, in the alternative, to stay Plaintiff's response to that motion until seven days after the Court rules on this motion to strike. In support, Plaintiff states the following:

1. On November 21, 2013, MetLife filed a preemptory Motion for Denial of Class Certification (Doc. 114), which the Storick Defendants later joined (Doc. 118).

2. MetLife's motion attacks the viability of a nationwide class involving "millions" of faxes (MetLife's Mot. at 6, 8, 9, 11, 12), which it claims could result in "staggering" damages (*id.* at 1, 2) and "devastate or even bankrupt" MetLife (*id.* at 19). Based on these assumptions, MetLife challenges nearly every aspect of class certification, particularly ascertainability (*id.* at 5–9), predominance (*id.* at 11–12), adequacy of class counsel (*id.* at 19), and superiority (*id.* at 20).

3. On November 25, 2013, the deadline for pretrial motions, Plaintiff moved to certify a Missouri-only class involving 35,690 faxes. (Doc. 127). The motion was consistent with the

Missouri-only class sought in the pending "placeholder" class-certification motion. (Pl.'s Amended Mot. Class Certification, Doc. 41, No. 13-cv-00052 (E.D. Mo., Apr. 16, 2013)). Plaintiff did not seek to certify the nationwide class MetLife attacks in its motion. (*Id.*)

4. On December 2, 2013, Plaintiff's counsel asked MetLife's counsel via email to withdraw the motion for denial of class certification. (Ex. A). Plaintiff's counsel pointed out that MetLife's motion was "based on erroneous assumptions" about the class scope and that it raises numerous arguments that "have no application" to the Missouri-only class actually at issue. (*Id.*).

5. On December 5, 2013, MetLife refused to withdraw its motion.

6. The Court should strike MetLife's motion to prevent "undue repetition or complication in presenting evidence or argument" in a class-action proceeding pursuant to Rule 23(d)(1)(A). There is no reason to brief the viability of a class that Plaintiff is not seeking to certify. Defendants can make whatever arguments they care to make against the Missouri-only class in their briefs opposing Plaintiff's motion for class certification, as in ordinary class-action practice.

7. As an additional basis to strike MetLife's motion, it exceeds the 20-page limitation of Local Rule 7.1(c)(2). It "incorporates" by reference nine pages of "factual background" from another brief attached as an exhibit (MetLife Mot. at 3), as well as four pages of legal argument in an "Appendix" containing citations to cases and MetLife's parenthetical characterizations of those cases (*id.* at 4, 14). It also contains 17 footnotes consisting of 1,402 words and 102 lines.

8. In the alternative, if the Court decides to require briefing on MetLife's motion for denial of class certification, Plaintiff requests seven days from the date of the Court's ruling in order to file its opposition brief.

## MEMORANDUM OF LAW

In every case, the Court has inherent power to manage its docket "to achieve the orderly and expeditious disposition of case." *Equity Lifestyle Properties, Inc. v. Fla. Mowing & Landscape Servs., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). In a class action in particular, the federal rules expressly authorize the Court to issue orders to "determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument." Rule 23(d)(1)(A). For example, in *McCabe v. Daimler AG*, No. 1:12-CV-2494-TCB, 2013 WL 6283657, at *1 (N.D. Ga. Dec. 2, 2013), the court rejected as "premature" a preemptive motion for denial of class certification similar to MetLife's, holding it would be more efficient to "wait until a motion for class certification is filed to determine whether this case can proceed as a class action."

In this case, the power to "prevent undue repetition or complication" is directly on point, and the Court should use it to strike MetLife's motion.

### I. MetLife's Motion will create "undue complication" by injecting moot points into the litigation.

Much of MetLife's motion is moot. It assumes throughout that the class covers "millions" of class members (MetLife Mot. at 6), "**millions** of fax machines" (*id.* at 8 (emphasis in original)), "millions of transmissions" (*id.* at 9, 11) and "millions of calls" (*id.* at 12). It argues the class seeks "staggering statutory damages from a perceived deep-pocket defendant" (*id.* at 1) that are "likely unconstitutional" (*id.* at 2), and that MetLife could be liable for "over 20 million faxes (or over **$10 billion** dollars in statutory damages)" (*id.* (emphasis in original)). Based on these assumptions, MetLife attacks ascertainability (*id.* at 5–9), predominance (*id.* at 11–12), adequacy of class counsel (*id.* at 19), and superiority, including the argument that class certification could "devastate or even bankrupt" MetLife and that such "massive" liability "raises Eight Amendment concerns," supposedly precluding class certification (*id.* at 19–20).

All of these arguments are moot. Plaintiff is seeking to certify a Missouri-only class involving 35,690 faxes. That translates into statutory damages of $17,845,000 (at $500 per fax) to $53,535,000 (at $1,500 per fax). MetLife generated more than $1.5 billion in profit in the first three quarters of 2013 alone. (*See* Metropolitan Life Insurance Co. Form 10-Q, Nov. 11, 2013, at 6, available at http://www.sec.gov/Archives/edgar/data/937834/000073702613000022/mlic2013930x10q.htm#sDE8F41404E442F882C51C4F4763E6BFF). A judgment of $53.5 million would equal 3.4% of that nine months of profit.

MetLife's entire Section IV.B.1.c is moot. (MetLife Mot. at 13–14). That section argues class certification is inappropriate because the opt-out language at the footer of the fax "varied throughout the putative class period" among the millions of faxes sent. (*Id.* at 13). That argument does not apply to the Missouri transmissions. The evidence demonstrates conclusively that the 35,690 Missouri faxes were identical, consisting of the same computer image file entitled, "Life_insurance_rates_FL_2012.pdf." (*See* Declaration of Robert Biggerstaff, Doc. 127-4, at ¶¶ 4–8).

MetLife's entire Section IV.B.2 is moot. (MetLife Mot. at 14–15). That section argues "varying state laws" regarding insurance regulation and arbitration would require state-by-state analysis among class members across the nationwide class, defeating predominance. (*Id.*) That argument cannot apply to the single-state class Plaintiff is actually seeking to certify.

In sum, allowing MetLife's motion for decertification to go forward would create "undue complication," and the Court should strike it pursuant to Rule 23(d)(1)(A).

## II. MetLife's Motion will create "undue repetition" by requiring briefing and rulings on the same issues twice.

Not all of MetLife's motion is limited to a nationwide class. For example, the motion spends several pages attacking proposed class counsel. (MetLife Mot. at 1–2, 17–19). MetLife will undoubtedly make the same arguments in response to Plaintiff's motion for class certification. There

is no reason why the parties should brief these issues twice or why the Court should have to decide them twice.

If the Court agrees with the premise that class certification should be briefed in one place, then the natural decision is to order briefing to proceed on Plaintiff's motion for class certification. Plaintiff has the burden of establishing class certification. *Walco Investments, Inc. v. Thenen*, 168 F.R.D. 315, 323 (S.D. Fla. 1996). It only makes sense that it should proceed first, with Defendants arguing in opposition.

Finally, MetLife says it was "forced" to file its preemptive motion on November 21, 2013, because as of that date "Plaintiff ha[d] not filed its memorandum" and MetLife "could wait no longer to ask this Court to resolve the class certification issue." (MetLife Mot. at 3, n.5). MetLife was not "forced" to do anything. The deadline for pretrial motions was November 25, 2013, and Plaintiff complied with that date. If MetLife's counsel had simply called Plaintiff's counsel on the phone prior to filing their motion, they would have known Plaintiff's motion was coming four days later.

The Court should therefore strike MetLife's motion to prevent "undue repetition" pursuant to Rule 23(d)(1)(A).

**III. The motion violates the 20-page limit of Local Rule 7.1(c)(2).**

Under Local Rule 7.1(c)(2), a motion and memorandum may not exceed 20 pages without leave of court. At first glance, MetLife's filing appears to be exactly 20 pages of 1.5-spaced type. On closer inspection, the document "incorporates" by reference nine pages of "factual background" from another brief attached as an exhibit (MetLife Mot. at 3), as well as four pages of legal argument in the form of an "Appendix" of citations to 30 cases MetLife contends support its position, each accompanied by a "short parenthetical" in which MetLife characterizes the holding of the case

(which constitutes legal argument) (*id.* at 4, 14). It also contains 17 footnotes consisting of 1,402 words and 102 lines. A typical 1.5-paced page in MetLife's motion has 28 lines (*e.g.*, *id.* at 19).

Federal courts frequently reject attempts to evade page limits through the incorporation-by-reference tactic. *See, e.g.*, *Mobile Shelter Systems USA, Inc. v. Grate Pallet Solutions, LLC*, 845 F. Supp. 2d 1241, 1253 (M.D. Fla. 2012) (holding incorporation by reference in briefs improperly "foists upon the Court the burden of sifting through irrelevant materials to find the materials referenced while permitting the movant to circumvent this Court's page limit requirement"). The use of extensive footnotes is also frowned upon. *See Bollea v. Clem*, 937 F.2d 1344, 1348 n.1 (M.D. Fla. 2013) (characterizing extensive footnotes "apparent effort to circumvent the page limits"); *Howard v. Hartford Life & Acc. Ins. Co.*, No. 3:10-cv-192, 2013 WL 1010360, at *1 n.2 (M.D. Fla. Mar. 15, 2013) (finding multiple footnotes with substantive argument "abusive").

Thus, the Court would be justified in striking MetLife's motion for violation of the 20-page limit alone.

## CONCLUSION

MetLife's Motion for Denial of Class Certification was filed prematurely based on inaccurate assumptions. Much of it is moot, and briefing it for the Court's decision would be a waste of everyone's resources. The portions of the motion that are not moot can easily be presented in Defendants' briefs in opposition to Plaintiff's motion for class certification. Thus, the Court should strike the motion to avoid "undue complication" and "undue repetition" pursuant to Rule 23(d)(1)(A). The motion should also be stricken for exceeding the 20-page limit in Local Rule 7.1(c)(2). In the alternative, if the Court denies this motion to strike, Plaintiff requests seven days from the Court's ruling to respond to MetLife's motion for denial of class certification.

**Local Rule 7.1(a)(3) Certification**

Pursuant to Local Rule 7.1(a)(3), on December 6, 2013, Plaintiff's counsel conferred with MetLife's counsel regarding this motion. MetLife opposes the motion. Plaintiff's counsel conferred with counsel for the Storick Defendants on December 7, 2013. The Storick Defendants oppose the motion.

Dated: December 9, 2013

Respectfully submitted,

By: /s/ Ryan Kelly
Counsel for Plaintiff

Ryan M. Kelly (Florida Bar No. 90110)
Ross M. Good *(Pro Hac Vice)*
David M. Oppenheim *(Pro Hac Vice)*
Brian J. Wanca *(Pro Hac Vice)*
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

s/Ryan M. Kelly
Ryan M. Kelly