IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| C-MART, INC., a Missouri corporation, individually and as the representative of a class of similarly situated persons,<br><br>       Plaintiff,<br><br>  v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, THE STORICK GROUP CORPORATION, STORICK GROUP CO., SCOTT R. STORICK and JOHN DOES 1-10,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 13-cv-80561-DMM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR ORDER APPROVING CLASS NOTICE AND SETTING A DATE FOR OPT OUTS

NOW COMES the Plaintiff, C-MART, INC. (Plaintiff), by and through its attorneys, and moves this Court for an order approving the proposed class notice attached hereto as Exhibit A and the proposed publication notice attached hereto as Exhibit B, setting opt out date, and confirming the dissemination of the class notice by facsimile and publication.

  1.  Attached hereto as Exhibit A is a copy of the proposed Class Notice to be sent via facsimile. This notice describes the nature of the action, the parties' ability to remain in the case and be bound by its determinations or the right to opt out and seek an individual determination of their claims.

  2.  Plaintiff submits the Publication Notice attached hereto as Exhibit B to notify the remaining absent class members about the case and to make them

aware of their rights. Plaintiff proposes to publish the notice in the St. Louis Post-Dispatch and the Kansas City Star, two newspapers with circulation within the state of Missouri.

    3.    Notice by publication is also needed because notice by publication satisfies due process where names and addresses of individual class members cannot be identified. *Mullan v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 316, 318 (1950); *Weigner v. The City of New York,* 1852 F.2d 646, 649 (2nd Cir. 1988).

    4.    Plaintiff's counsel has used very similar forms of notice in many other cases in both federal and state court.

    5.    Rule 23(c)(2)(B) requires that a class certification notice of pendency advise class members of the following:

        (i)    The nature of the action;

        (ii)    The definition of the class certified;

        (iii)    The class claims, issues or defenses;

        (iv)    That a class member may enter an appearance through an attorney if the member so desires;

        (v)    That the court will exclude from the class any member who requests exclusion;

        (vi)    The time and manner for requesting exclusion; and

        (vii)    The binding effect of a class judgment on members under Rule 23(c)(3).

    6.  In Rule 23(b)(3) actions, the notice also must describe when and how a

class member may opt out of the class. *See also* Manual for Complex Litigation, § 21.311 (4th ed. 2011). In addition, sufficient information about the case should be provided to enable class members to make an informed decision about their participation and should: describe succinctly the positions of the parties; identify the opposing parties, class representatives and counsel; describe the relief sought; and explain any risks and benefits of retaining class membership and opting out, while emphasizing the court has not ruled on the merits of any claims or defenses. *Id.* Similarly, in *Bremiller v. Cleveland Psychiatric Institute*, 898 F. Supp. 572, 581 (N.D. Ohio 1995), the Court stated the following:

> The notice should contain information reasonably necessary to make a decision whether to remain a class member and be bound by the final judgment or to opt out of the action. The standard is that notice must contain information a reasonable person would consider material in making an informed, intelligent decision of whether to opt out of or remain a member of the class and be bound by a final judgment (*cites omitted*). In compliance therewith, the notice should advise each class member of the following: that she may be excluded from the class on request; that judgment, whether favorable or unfavorable, would bind all members who did not request exclusion and that any member who did not request exclusion might appear through counsel (*cites omitted*).

7. The attached meets the aforementioned requirements. It describes when and how a class member may opt out of the class. It also provides sufficient information about the case to enable the class members to make an informed decision about their participation.

8. Plaintiff proposes that the class certification notice (Exhibit A) go to each of the fax numbers that Plaintiff's expert witness, Robert Biggerstaff, has

identified.  Plaintiff also proposes that the Publication Notice (Exhibit B) be placed in the St. Louis Post-Dispatch and the Kansas City Star newspapers.

9.  Plaintiff's counsel requests that they be given fourteen (14) days to fax and publish the notices, and that the class members be given sixty (60) days to opt out.

10.  These notices satisfy due process so that class members are given an opportunity to determine whether they wish to remain in the class, opt out or bring their own action.

## Local Rule 71(a)(3) Certification

11.  Plaintiff's counsel has communicated with Defendants' counsel in an effort to finalize and agree to the form of class notice and publication notice attached hereto.  The Storick Defendants are in agreement to the plan for notice and the two forms of notice. Defendant MetLife disagrees and requests (1) the notice to identify the percentage of fees; (2) the notice be sent via U.S. Mail, but refuses to pay to acquire names and addresses; (3) refuses to permit MetLife's name to be in the website address and opposes listing on the website the class list of fax numbers; and (4) multiple reports advising first of the transmission of class notice and sometime later identifying persons opting out of the class.  (See Emails attached as Exhibit C.)

12.  Plaintiff suggests that a hearing to discuss and advise the Court of the issues may be helpful to the Court.

4

WHEREFORE, Plaintiff, C-MART, INC., prays that this Court enter an order approving the proposed Class Notice attached hereto as Exhibit A and the sending the notice via facsimile, publishing the Publication Notice attached hereto as Exhibit B in the St. Louis Post-Dispatch and Kansa City Star, allowing 60 days for class members to opt out and ordering the dissemination of the class notices within 14 days.

Dated: February 26, 2014			Respectfully submitted,

                                      s/Ryan M. Kelly
                                      Ryan M. Kelly (FL Bar No. 90110)
                                      ANDERSON + WANCA
                                      3701 Algonquin Road, Suite 760
                                      Rolling Meadows, IL  60008
                                      Telephone:  847-368-1500
                                      Facsimile:  847-368-1501
                                      rkelly@andersonwanca.com

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically this 26th of February, 2014. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Ryan M. Kelly
Ryan M. Kelly
