UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| C-MART, INC., a Missouri corporation, individually and as the representative of a class of similarly situated persons,<br><br>            Plaintiff,<br><br>    v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, THE STORICK GROUP CORPORATION, STORICK GROUP CO., SCOTT R. STORICK and JOHN DOES 1-10,<br><br>            Defendants. | No. 13-cv-80561-DMM<br><br>Hon. Donald M. Middlebrooks<br>Mag. Judge Dave Lee Brannon |

## UPDATED JOINT PRETRIAL STIPULATION

The Parties, C-MART, INC. ("Plaintiff"); METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"); STORICK GROUP CO., THE STORICK GROUP CORPORATION, and SCOTT R. STORICK (collectively the "Storick Defendants"), by and through their undersigned attorneys, file this Updated Joint Pretrial Stipulation in accordance with Local Rule 16.1(e) and this Court's Order Requiring Status Report [D.E. 248] and state as follows:

(1) A short concise statement of the case by each party in the action:

Plaintiff:

Plaintiff alleges that on September 4, 2012 ("the Fax") Plaintiff received an unsolicited fax for various products and services offered by MetLife and Storick Defendants. Plaintiff never consented to receiving advertisements from Defendants via its facsimile machine. Defendants successfully sent unsolicited facsimile advertisements to Plaintiff in violation of the Telephone Consumer Protection Act 2005, 47 USC § 227 and implementing regulations ("TCPA"). The TCPA provides for statutory damages in the amount of $500 for each violation and for treble damages as provided by § 227(b)(3) of the TCPA. As a result, Plaintiff will be seeking $500 or $1,500.

MetLife:

Plaintiff alleges it received a fax advertising life insurance products and has asserted a single count for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), based on its allegation that "[d]efendants have sent via facsimile transmission . . . faxes that constitute advertisements . . . that were transmitted to persons or entities without their prior express permission or invitation . . . ." MetLife is one of the defendants in the action. The fax at issue does not name MetLife and was not sent by MetLife, nor by anyone authorized by MetLife to send faxes on its behalf.

The sending of unsolicited facsimiles is strictly prohibited by MetLife. The conduct giving rise to this action occurred outside of MetLife's offices. MetLife denies that it sent the fax at issue or that it is vicariously liable under the TCPA for any action by one or more of the co-defendants or anyone else. MetLife has asserted a number of affirmative defenses to the claims of plaintiff.

The Storick Defendants:

Storick has been sued by Plaintiff for alleged violation of the Telephone Consumer Protection Act (TCPA), specifically section (b)(1)(C), the Junk Fax Prevention Act of 2005 ("JFPA"). C-Mart only seeks monetary damages. Pursuant to the JFPA, specifically 47 U.S.C. §227(b)(3)(B), damages are "[A]ctual monetary loss from such a violation, or to receive $500.00 in damages for such violation, whichever is greater" and "If the court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

There is one fax alleged to have been sent by Storick, however, nothing contained therein identifies Storick as the sender. Moreover, given the conduct of the fax-broadcaster in this action, same being Robert Martino, there is doubt that any of the alleged faxes subject to this lawsuit were even sent on behalf of Storick. Storick denies the allegations against him and, additionally, has raised a number of affirmative defenses. To the extent, however, it is determined that Storick is the sender, notwithstanding any MetLife policies that may prohibit the use of unsolicited facsimiles, the use of same by Storick and any of his assistants were specifically known to management within the Cypress Financial Group of MetLife; approved and authorized.

Notwithstanding the above, Storick has asserted a number of affirmative defenses, including, but not limited to, standing; C-Mart's consent to receipt of the faxes; a TCPA compliant opt-out provision; Robert Martino being a necessary and indispensable party; and a number of others as set forth below. These affirmative defenses, affirmative

defenses that would either defeat liability in entirety or subject the amount of liability to the minimum statutory award.

(2) The basis of federal jurisdiction:

    28 U.S.C. §1331

(3) The pleadings raising the issues:

    1.    Plaintiff's Complaint [D.E. 1];

    2.    MetLife's Amended Answer and Affirmative Defenses to Plaintiff's Complaint [D.E. 69];

    3.    The Storick Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint [D.E. 85]

(4) A list of all undisposed of motions or other matters requiring action by the Court.

    1.    MetLife's Motion to Compel the Retainer/Fee Agreement(s) [DE 87][1]

    2.    Plaintiff's Motion to Take More than 10 Depositions [DE 93]

    3.    MetLife's Motion for Protective Order [DE 99]

    4.    Storick's Motion for Summary Judgment against Plaintiff [DE 109]

---

[1] On October 2, 2013, MetLife moved to compel the production of the retainer/fee agreement(s) between Anderson + Wanca and C-Mart. [DE 87] Following this Court's March 11, 2014 Order requiring the Parties to submit a joint status report concerning which discovery motions remain pending [DE 248], Anderson + Wanca agreed to produce the documents subject to MetLife's Motion to Compel. This agreement is stated in the Joint Status Report filed with the Court on March 18, 2014 – *i.e.,* "Plaintiff has agreed to produce the document(s) subject to Motion 87." [DE 251] Today, Anderson + Wanca produced a retainer agreement dated March 17, 2014 (after the Motion to Compel was fully briefed and after the deposition of C-Mart's corporate representative), but will not produce the retainer agreement it entered into with C-Mart that was the subject of the Motion to Compel in the first instance. Plaintiff's position is that the March 17, 2014 retainer agreement supersedes and nulls any prior fee agreement, and therefore, any previous retainer agreements are irrelevant. Plaintiff has produced the operative fee agreement in this case. As such, Plaintiff's position is that it has fully responded to MetLife's Request for Production No. 1 and has produced the retainer agreement subject to MetLife's Motion to Compel. Despite the Parties' earlier statement to the Court that this motion no longer "requires Court assistance," the issue remains unresolved and does require Court assistance.

    5.    Plaintiff's Motion to Compel Depositions of Daniella Rivera, Dennis Mumford, and MetLife [D.E. 119]

    6.    Plaintiff's Motion for Rule to Show Cause of Comcast [D.E. 120]

    7.    Plaintiff's Motion to Compel Written Discovery Answers from MetLife [D.E. 121]

    8.    Plaintiff's Motion to Exclude from Trial Witnesses who have not been Deposed [D.E. 122]

    9.    Plaintiff's Motion in Limine [D.E. 124]

    10.    Plaintiff's Motion to Extend Time to Complete Discovery Started [D.E. 125]

    11.    Plaintiff's Motion to Extend Time to File Certain Pretrial Motions [D.E. 126]

    12.    Plaintiff's Motion for Summary Judgment, or alternatively, for Partial Summary Judgment [D.E. 128]

    13.    Defendant's Request for Attorneys' Fees [DE 183]

    14.    MetLife's Motion for Sanctions Against Anderson + Wanca [DE 196]

    15.    Plaintiff's Motion for Rule 11 Sanctions Against Storick and his Counsel [DE 215]

    16.    Storick Defendants' Motion for Trial Continuance [DE 253]

    17.    Plaintiff's Motion for Order Approving Class Notice and Setting a Date for Opt-Outs [DE 243]

(5) A concise statement of uncontested facts which will require no proof at trial, with reservations, if any.

    1.    Defendant Scott Storick was an employee of Defendant Metropolitan Life Insurance Company.

    2.    Robert Martino provided the hardware and software for the servers and he controlled the servers by accessing them remotely.

    3.    Robert Martino obtained and loaded the recipients' numbers onto the servers.

    4.    All of the servers used for transmission were located either at Storick's private home and/or at those of his personal assistants.

    5.    Martino's services were paid for by Scott Storick.

    6.    Martino did not bill MetLife for any services.

    7.    MetLife did not issue any checks to Martino for his services.

       8.     Martino was not an employee of MetLife.

       9.     MetLife did not enter into the February 11, 2010 contract with Martino.

      10.     Martino is not an approved vendor for MetLife.

      11.     The faxes at issue did not have an LD number.

      10.     Martino remotely accessed the servers and, without the knowledge of Storick, transmitted documents completely unrelated to the alleged faxes at issue in this lawsuit. Plaintiff disputes this fact as Martino did not remotely access the servers to transmit documents completely unrelated to the alleged faxes at issue in the lawsuit.

(6) A statement in reasonable detail of issues of fact which remain to be litigated at trial. By way of example, reasonable details of issues of fact would include: (A) As to negligence or contributory negligence, the specific acts or omissions relied upon; (B) As to damages, the precise nature and extent of damages claimed; (C) As to unseaworthiness or unsafe condition of a vessel or its equipment, the material facts and circumstances relied upon; (D) As to breach of contract, the specific acts or omissions relied upon.

      1.     Whether the faxes were sent by MetLife.

      2.     Whether MetLife is vicariously liable for faxes sent by Martino.

      3.     Whether the faxes were sent willfully or knowingly as to warrant the award of treble damages.

      4.     Whether any of the faxes alleged to have been sent are an advertisement that violates the TCPA.

      5.     Whether any of the alleged faxes offer or promote any property, goods and/or services; whether same are informational only.

      6.     Whether any of the alleged fax recipients, gave, directly or through any agent and/or representative, express authorization, to send the alleged faxes.

      7.     Whether any fax recipient consented to the faxes.

      8.     Whether claims are barred because Plaintiff had an "established business relationship" withthe Defendants.

9. Whether any alleged fax recipient voluntarily agreed to make its fax number(s) available for public distribution.

10. The total number of faxes actionable under the TCPA, and the damages available.

11. Whether transmissions initiated by Martino were successful transmissions.

12. Whether the faxes were sent by Storick.

(7) A concise statement of issues of law on which there is agreement.

To the extent of any liability, 47 U.S.C. § 227(b)(3) governs the amount.

(8) A concise statement of issues of law which remain for determination by the Court.

1. All issues of law as raised by the parties' pleadings, pending motions, and affirmative defenses.

2. Whether Martino and his corporate entities are necessary and indispensable parties who need to be joined as a party to this litigation given their involvement as the fax-broadcaster.

3. Whether any of the faxes alleged to have been sent, in whole or part, are barred by the applicable statute of limitations.

4. Whether any "opt out" information contained in any alleged fax is compliant with the TCPA or other relevant law.

5. Whether any of the alleged faxes sent contained "opt out" information substantially compliant with the TCPA or other relevant law.

6. Whether the alleged faxes sent were not sent to a "telephone facsimile machine" as defined by the TCPA or other relevant law.

7. Whether the claims of Plaintiff, or members of the putative class lack standing in any manner.

8. Whether any liability of Storick was discharged in bankruptcy.

9. Whether any relief sought violates the Fifth, Eighth, and/or Fourteenth Amendments of the United States Constitution.

10. Whether damages, in a class action setting, is inequitable and unconscionable as to any recovery for damages.

      11.      Whether the Storick corporate entities are directly or vicariously liable for faxes sent by Storick, individually.

(9) Each party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis of all objections to each document, electronically stored information and thing. The list of exhibits shall be on separate schedules attached to the stipulation, should identify those which the party expects to offer and those which the party may offer if the need arises, and should identify concisely the basis for objection. In noting the basis for objections, the following codes should be used: A–Authenticity; I–Contains inadmissible matter (mentions insurance, prior conviction, etc.); R–Relevancy; H–Hearsay; UP–Unduly prejudicial-probative value outweighed by undue prejudice; P–Privileged. Counsel may agree on any other abbreviations for objections, and shall identify such codes in the exhibit listing them.[2]

      Plaintiff's Exhibit list will be filed in accordance with the Court's March 11, 2014 Order. [D.E. 248]

      MetLife's Exhibit list will be filed in accordance with the Court's March 11, 2014 Order. [D.E. 248].

      Storick Defendants' Exhibit list will be filed in accordance with the Court's March 11, 2014 Order. [D.E. 248]

(10) Each party's numbered list of trial witnesses, with their addresses, separately identifying those whom the party expects to present and those whom the party may call if the need arises. Witnesses whose testimony is expected to be presented by means of a deposition shall be so designated.[3] Impeachment witnesses need not be listed. Expert witnesses shall be so designated.

      Plaintiff's Witness List will be filed in accordance with the Court's March 11, 2014 Order. [D.E. 248]

      MetLife's Witness List will be filed in accordance with the Court's March 11, 2014 Order. [D.E. 248]

      Storick Defendants' Witness List will be filed in accordance with the Court's March 11, 2014 Order. [D.E. 248]

---

[2] The parties will separately file their respective objections to the other parties' exhibit lists.

[3] To the extent either C-Mart or the Storick Defendants failed to comply with the Court's Scheduling Order requiring designation of deposition testimony by January 13, 2014, MetLife objects to the inclusion of such designations in this report and does not waive any objections to the use of such deposition testimony at trial by C-Mart and/or the Storick Defendants.

(11) Estimated trial time.

    10 Day(s).  MetLife has demanded a trial by jury.

(12) Where attorney's fees may be awarded to the prevailing party, an estimate of each party as to the maximum amount properly allowable.

    There is no statutory authority for prevailing party attorney's fees.  Costs are governed by 28 USC §1920.

Dated April 2, 2014

    Respectfully submitted,

    Submitted and approved by:

    s/ Ryan M. Kelly                 .
    Ryan M. Kelly, Esq.
    Anderson + Wanca
    3701 Algonquin Road
    Suite 760
    Rolling Meadows, IL 60008
    rkelly@andersonwanca.com
    Tel: (847) 368-1500
    Fax:  (847) 368-1501
    *Attorney for Plaintiff C-Mart, Inc.*

    s/ Howard Poznanski              .
    Howard Poznanski, Esq.
    4800 N. Federal Highway
    Suite 208A
    Boca Raton, FL 34431
    howardwpoznanski@bellsouth.net
    Tel: (561) 417-9294
    Fax:  (561) 417-9422
    *Attorney for the Storick Defendants*

    s/ Jeffrey M. Landau              .
    Frank Zacherl, Esq.
    Florida Bar No. 0868094
    fzacherl@shutts.com
    Jeffrey Landau, Esq.
    Florida Bar No. 863777
    jlandau@shutts.com
    Daniel Stabile, Esq.

dstabile@shutts.com
Florida Bar No. 0095750
Shutts & Bowen LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, FL 33131
Tel: 305-358-6300
Fax: 305-381-9982
*Attorneys for Defendant Metropolitan Life Insurance Company*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on April 2, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

                                            s/Ryan M. Kelly
                                            Ryan M. Kelly