UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH)

CASE NO. 9:13-CV-80561-MIDDLEBROOKS/BRANNON

C-MART, INC., individually and as the
representative of a class of similarly
situated persons,

      Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY, STORICK GROUP CO.,
THE STORICK GROUP
CORPORATION., SCOTT R. STORICK
and JOHN DOES 1-10,

      Defendants.                              /

**PLAINTIFF'S AGREED MOTION TO DECERTIFY AND DISMISS
BASED ON GLOBAL ILLINOIS SETTLEMENT**

Plaintiff, C-Mart, Inc., by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 23 and 41, moves to decertify the class certified in this action (Doc. 232), and voluntarily dismiss the action based on a class settlement in a separate lawsuit that encompasses all of the claims in the instant action. In support of its motion, Plaintiff states as follows:

    1.    This Court has certified the following class:

> All persons in Missouri who were sent a facsimile during the period of August 7, 2012, through September 6, 2012, stating, "BELOW COST LIFE W SURANCE RATES, FOR A FREE QUOTE PLEASE FAX THIS FORM TO: (713) 554-9683," and "To unsubscribe, please FAX your request to Our PAPERLESS Fax Computer: 206-350-34035. [Doc. 232, p. 17]

    2.    On February 26, 2014, Plaintiff moved for approval of class notice. (Doc. 243). This motion has not been ruled upon and therefore no class notice has been sent in this action.

3. The parties participated in a mediation with Rodney Max on May 21 and 23, 2014. That mediation resulted in settlement discussions involving all claims and actions against the Defendants here, not just the claims at issue in this action. Those discussions continued following the conclusion of the second mediation session.

4. On July 14, 2014, the parties moved this Court for a stay based on an agreement in principle on a nationwide class settlement in *Fauley v. Metropolitan Life Insurance Company, et al* (Cir. Ct. of Lake County, Ill.). (Doc. 301).

5. The Court denied that motion because "preliminary and final approval in the Illinois action is uncertain and, if the settlement is not approved, a stay would only serve to further delay this case." (Doc. 303).

6. The extended negotiations led to an executed settlement agreement in *Fauley*. The Court has set a preliminary approval hearing for August 7, 2014.

7. At the preliminary approval hearing in *Fauley*, the parties to that action will request that the court approve the settlement and certify the following class:

> All persons in the United States who were sent a facsimile advertisement by or on behalf of MetLife or the Storick Defendants between August 23, 2008 and August 1, 2014, where the facsimile advertisement was unsolicited and/or did not contain opt-out language compliant with the requirements of the TCPA and/or its accompanying regulations. [*See* proposed Preliminary Approval Order, attached as Exhibit A]

8. Thus, the settlement class to be certified in Illinois wholly encompasses the one certified in this action. All members of the class certified here, including Plaintiff, may participate in the Illinois settlement.

9. Because the global settlement has come to fruition, Plaintiff now moves this Court, with the full agreement and support of Defendants, for an order (1) decertifying the class; (2) dismissing this action; (3) denying as moot any outstanding motions (including the motion to

approve class notice); and (4) for such further relief as the Court deems necessary. Dismissal means there is no longer a question of delay of this action.

10. All parties are in agreement on this motion and granting it will not prejudice any party or cause delay in this Court.

11. Decertification is appropriate given the fact that the entire class is part of the Illinois class and settlement. The entire class in this case will release their claims against Defendants following final approval of the settlement. By contrast, a decertification by this Court will not bind class members. As such, Rule 23(e) does not apply.

12. Moreover, even if it did, given that (1) class notice has not yet been sent in this case informing anyone that the class here exists and class members have a right to opt out; and (2) the entire class will receive notice of the Illinois certification and settlement—and their right to exclude themselves from the class—no further notice is required.

13. Once decertified, the parties are agreed that the action should be dismissed without prejudice, each party to bear their own costs, and all pending motions denied as moot. This will allow for the Illinois settlement to proceed to completion. It also eliminates any concern about delay here—since what is sought is dismissal as opposed to a stay.

14. To the extent the court deems it necessary, the parties are prepared to answer any questions at the scheduled August 6, 2014 hearing.

WHEREFORE, due to the consummated global settlement, Plaintiff seeks—with the full agreement of Defendants—an order (1) decertifying the class; (2) dismissing this action; (3) denying as moot any outstanding motions (including the motion to approve class notice); and (4) for such further relief as the Court deems necessary.

Dated: August 1, 2014						Respectfully submitted,

						By:	s/Ryan Kelly
							Counsel for Plaintiff

							Ryan M. Kelly (Florida Bar No. 90110)
							ANDERSON + WANCA
							3701 Algonquin Road, Suite 760
							Rolling Meadows, IL 60008
							Telephone: (847) 368-1500
							Facsimile: (847) 368-1501

## CERTIFICATE OF SERVICE

      I hereby certify that on August 1, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

s/Ryan M. Kelly